UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CORY BEAVERS, | |
| Petitioner, | |
| v. | CAUSE NO. 3:22-CV-151-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Cory Beavers, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the disciplinary decision (ISP-21-3-121) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellphone in violation of Indiana Department of Correction Offense 121. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time.

Beavers argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he committed the offense of possessing a cellphone.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

>Departmental policy defines possession as:
>
>On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control.

ECF 14-13 at 6.

The administrative record includes a conduct report in which a correctional officer represented that he searched through Beavers' property in the property room but that the property had been recently removed from Beavers' living quarters. ECF 14-1. According to the conduct report, the correctional officer found a black cellphone in the sole of one of Beavers' boots. The administrative record includes photographs of the cellular device. ECF 14-2. It also includes an email from an investigator representing that Beavers told her the passcode to the cellphone and that it contained photographs of Beavers. ECF 14-10. The conduct report, the photographs, and the investigator's email constitute some evidence that Beavers possessed a cellphone as defined by departmental policy. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

If Beavers wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition (ECF 9);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Cory Beavers leave to appeal in forma pauperis.

SO ORDERED on October 31, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT